UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TALIB HUSAYN 'ALI JARAK ISMAI'L**<br>  Jabriya, Block 8<br>  Street Mohammed Hussain Qabazard<br>  House 33<br>  Kuwait City, Kuwait<br><br>                         *Plaintiff*,<br><br>               *v.*<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>  **Director, Office of Foreign Assets Control**<br>  **United States Department of the Treasury**<br>  1500 Pennsylvania Ave., NW<br>  Freedman's Bank Building<br>  Washington, D.C. 20220<br><br>                         *Defendant*,<br><br>    and<br><br>**UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>  1500 Pennsylvania Ave., NW<br>  Freedman's Bank Building<br>  Washington, D.C. 20220<br><br>                         *Defendant.* | **COMPLAINT**<br><br>**ECF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Talib Husayn 'Ali Jarak Ismai'l brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets

1

Control ("OFAC") and its Director, Andrea M. Gacki, in her official capacity, and in support of this Complaint alleges the following:

**INTRODUCTION**

1. On September 17, 2021, without any notice directed to him and without disclosing the reasons for its action, Defendant OFAC imposed sanctions on Talib Husayn 'Ali Jarak Ismai'l ("Jeraq") pursuant to Executive Order ("E.O.") 13224, as amended, and thereby upended his livelihood. Through its sanctions, Defendants have imposed a unilateral boycott under which U.S. and foreign persons are either prohibited from, or risk sanctions for, engaging in any transactions or dealings with Jeraq. Further, the sanctions have tarnished Jeraq's name and reputation on a global scale by publicly identifying him as a Specially Designated Global Terrorist ("SDGT") and leaving him without any opportunity to provide an effective rebuttal.

2. In taking such action, OFAC has accorded no actual notice to Jeraq with respect to either the fact of his designation or the reasons for it. Despite his residential properties in the United States and his holding of a B-1 visa, OFAC made no effort to inform Jeraq that he was subject to sanctions under E.O. 13224 nor did it identify the factual basis for the designation. This failure to accord Jeraq the most basic notice as to the basis for its action evidences OFAC's disregard for notions of due process.

3. OFAC's failure to provide Jeraq any notice as to the reasons for his designation is exacerbated by the agency's apparent reliance on false allegations. While altogether failing to provide Jeraq any notice of the designation, OFAC issued a public press release that contained two conclusory statements regarding the apparent basis for its action against Jeraq. Specifically, OFAC claimed that Jeraq "coordinated the transfer of millions of dollars to Hizballah from Kuwait" and "travelled to Lebanon to meet with Hizballah officials to donate money to the group." Press

Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions International Financial Networks Supporting Terrorism (Sept. 17, 2021). To the extent that OFAC relied on these factual allegations in determining that Jeraq met the criteria for designation under E.O. 13224, it did so in error as these allegations are baseless, lack any reasonable evidentiary support, and evidence only the rudimentary nature of OFAC's own fact-finding procedures.

4. Because OFAC has not communicated with Jeraq in any manner whatsoever, Jeraq is in no position to confidently determine whether the allegations leveled in OFAC's press release constitute the factual bases for his designation under E.O. 13224. This compounds OFAC's error, as—absent a clear indication as to the reasons for his designation—Jeraq is in no position to utilize OFAC's administrative delisting procedures and argue that OFAC's designation was in error. By denying Jeraq notice as to the reasons for his designation, OFAC has simultaneously inhibited Jeraq from meaningfully challenging his designation through the administrative procedures that would otherwise be available to him.

5. Jeraq is thus in a nearly impossible situation—completely devastated personally, professionally, and financially by OFAC's action against him, yet unable to launch a meaningful challenge to his designation due to the agency's failure to disclose the basis for his action. Indeed, the harm caused to Jeraq has already been substantial, including the blocking of his properties in the United States and according him a pariah status amongst international banks and business. This harm will only be compounded over time so long as he remains subject to U.S. sanctions.

6. Because of Defendants' actions, the harm caused by them, and the apparent lack of any reasonable evidentiary support, Jeraq appeals to this Court to mitigate the harm caused to him and mandate OFAC to disclose the basis for its designation action and to order the removal of the sanctions imposed against Jeraq.

## JURISDICTION AND VENUE

7. This action arises under the United States Constitution, the International Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, the United Nations Participation Act ("UNPA"), 22 U.S.C. § 287c, and the Administrative Procedure Act ("APA") 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

8. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65. This Court may grant mandamus relief pursuant to 28 U.S.C. § 1361.

9. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. § 1391(b) and (e).

## THE PARTIES

10. Plaintiff Talib Husayn 'Ali Jarak Ismai'l is and was at all times herein a citizen of Kuwait. Jeraq has also held a B-1 visa for travel to the United States.

11. Jeraq is an international businessman, real estate developer, and philanthropist that frequently donates his wealth to charitable causes around the globe including those advancing access to healthcare.

12. OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating and blocking persons under Executive Order ("E.O.") 13224 and regulating and authorizing dealings with them via the Global Terrorism Sanctions Regulations ("GTSR"), 31

C.F.R. Part 594, and the Reporting, Procedures, and Penalties Regulations, 31 C.F.R. Part 501. OFAC was responsible for Jeraq's designation pursuant to E.O. 13224, as amended.

13. Defendant Andrea M. Gacki is the Director of OFAC. In this role, Ms. Gacki was responsible for Jeraq's designation pursuant to E.O. 13224, as amended.

## FACTUAL ALLEGATIONS

### A. Jeraq's Designation by OFAC

14. On September 17, 2021, OFAC designated Jeraq under E.O. 13224 for allegedly "having materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, Hizballah." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions International Financial Networks Supporting Terrorism (Sept. 17, 2021); 86 FED. REG. 52740 (Sept. 22, 2021). As a result of this designation, all of Jeraq's property and interests in property within U.S. jurisdiction are blocked—including certain residential property in which Jeraq maintains an interest—and U.S. persons are generally prohibited from engaging in any transactions or dealings with him.

### B. OFAC's Press Release Announcing Jeraq's Designation

15. OFAC's press release announcing Jeraq's designation alleged that Jeraq "coordinated the transfer of millions of dollars to Hizballah from Kuwait through Jamal Husayn 'Abd 'Ali 'Abd-al-Rahim al-Shatti." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions International Financial Networks Supporting Terrorism (Sept. 17, 2021). OFAC's press release also alleged that Jeraq "travelled to Lebanon to meet with Hizballah officials to donate money to the group." *Id*.

16. These constitute the sole allegations disclosed by OFAC in connection with Jeraq's designation under E.O. 13224. These allegations are conclusory in nature and are false.

17. OFAC appears to have designated Jeraq based on these wrongful allegations. OFAC has failed to verify or corroborate the information being relied upon.

**C.  Harm to Jeraq**

18. OFAC's designation of Jeraq has caused substantial harm to Jeraq personally, professionally, and pecuniarily, risking his business reputation in Kuwait and upending his ability to conduct basic transactions to support his livelihood. As a direct result of OFAC's designation, Jeraq has become the subject of an international boycott, as foreign parties refuse to do business with him out of fear of their own exposure to sanctions under E.O. 13224.

19. As a direct result of his designation, Jeraq's properties in the United States, as well as his financial accounts, have been blocked, and all persons—U.S. or otherwise—are prohibited from engaging in transactions or dealings with respect to such properties. Specifically, Jeraq retains an ownership interest in the following U.S.-based residential properties:

- 10702 Gainsborough Road
  Rockville, MD 20854-2573

- 9607 Milestone Way
  College Park, MD 20740-000

These properties have been managed by Silver River Property Management, which is located at 4201 Northview Dr., Ste. 103, Bowie, MD 20714. As a result of his designation, Jeraq is no longer able to utilize the Silver River Property Management's management services with respect to his residential properties in the United States. Moreover, Jeraq's financial account in the United States—which is held at Bank of America, 10630 Baltimore Ave., Beltsville, MD 20705—is blocked, and all funds held therein have been rendered inaccessible to Jeraq.

20. OFAC has long acknowledged the substantial costs imposed on designees. OFAC has stated that a sanctions designation is intended to create "professional, personal, and financial

isolation" for the targeted parties. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort (March 22, 2019).

21. To increase the already-devastating personal costs to Jeraq, OFAC's press release announcing his designation warned all parties that "engaging in certain transactions with [Jeraq] entails risk of secondary sanctions pursuant to E.O. 13224, as amended." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions International Financial Networks Supporting Terrorism (Sept. 17, 2021).

## LEGAL CLAIMS

## COUNT I

### DEFENDANTS' DESIGNATION OF JERAQ PURSUANT TO E.O. 13224 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION IN VIOLATION OF THE APA

22. Jeraq re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

23. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

24. Defendants' determination that Jeraq meets the criteria for designation under E.O. 13224, as amended, and its designation of him under that authority constitutes arbitrary and capricious agency action in violation of the APA, as OFAC lacks any evidentiary basis for its determination that Jeraq has "materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, Hizballah."

## COUNT II

### DEFENDANTS FAILED TO PROVIDE ADEQUATE NOTICE OF THE REASONS FOR ITS DESIGNATION OF JERAQ PURSUANT TO E.O. 13224 IN VIOLATION OF THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE

25. Jeraq re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

26. Under the Fifth Amendment to the U.S. Constitution, Jeraq has a right to adequate post-deprivation notice. Adequate notice requires Defendants to provide Jeraq with the reasons for its determination that Jeraq meets the criteria for designation under E.O. 13224, as amended, so as to permit him a meaningful opportunity to respond, including by utilizing OFAC's delisting procedures set forth at 31 C.F.R. § 501.807.

27. Defendants have not provided adequate notice of the reasons for their determination that Jeraq meets the criteria for designation under E.O. 13224, as amended, and have prevented Jeraq from having a meaningful opportunity to respond to their action against him. Defendants have not provided any notice to Jeraq himself as to the designation or the reasons for it and have only issued a press release to the public that contains conclusory sentences regarding the ostensible legal or factual basis for the designation. This does not suffice for notice purposes under the Fifth Amendment to the Constitution, and Defendants maintain Jeraq's designation under E.O. 13224, as amended, while denying him effective notice of the reasons for the designation and the ability to provide rebuttal evidence in a meaningful manner.

## COUNT III

### DEFENDANTS FAILED TO PROVIDE ADEQUATE NOTICE OF THE REASONS FOR ITS DESIGNATION OF JERAQ PURSUANT TO E.O. 13224 IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

28. Jeraq re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

29. Agency action, findings, and conclusions found to be not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

30. Under the APA, when denying in whole or in part a written application, petition, or other request, agencies must provide a statement describing the reasons for the denial. 5 U.S.C. § 555(e).

31. OFAC's delisting procedures set forth at 31 C.F.R. § 501.807 permit a designated person to submit arguments and evidence showing that there is an insufficient basis for the designation or that there has been a change in circumstances negating the basis for the designation. To utilize these delisting procedures, a designated person must have an understanding of the bases for the designation.

32. Defendants have not provided adequate notice of the reasons for their determination that Jeraq meets the criteria for designation under E.O. 13224, as amended, and have disabled Jeraq from having a meaningful opportunity to respond to their action against him. Defendants have not provided any notice to Jeraq himself as to the designation or the reasons for it and have only issued a press release to the public that contains two conclusory sentences regarding the ostensible legal or factual basis for the designation. This does not suffice for notice purposes under the APA, and Defendants maintain Jeraq's designation under E.O. 13224, as amended, while denying him effective notice of the reasons for the designation and the ability to provide rebuttal evidence in a meaningful manner.

## RELIEF REQUESTED

Wherefore, Jeraq respectfully requests that this Court:

A. Issue an order vacating Defendants' designation of Jeraq under E.O. 13224;

B. Order Defendants to rescind its designation of Jeraq under E.O. 13224;

C. Declare Defendants' designation of Jeraq under E.O. 13224 to be unlawful;

D. Order Defendants to disclose the evidentiary memorandum underlying OFAC's determination that Jeraq meets the criteria for designation under E.O. 13224;

E. Order Defendants to disclose the full administrative record—including all documents and materials reviewed by or otherwise before them—when determining that Jeraq meets the criteria for designation under E.O. 13224;

F. Order Defendants to provide a statement of reasons for its determination that Jeraq meets the criteria for designation under E.O. 13224;

G. To the extent that OFAC's disclosure of the administrative record includes redactions to those portions of the record detailing the basis for the designation, order Defendants either to produce unclassified summaries of classified or otherwise privileged information contained in the administrative record or permit Jeraq's counsel to review the unredacted administrative record in a classified setting;

H. Grant an award to Jeraq of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

I. Any other and further relief as the Court may deem proper.

Dated: October 6, 2022	Respectfully submitted,

<u>/s/ Erich C. Ferrari</u>
Erich C. Ferrari, Esq.
FERRARI & ASSOCIATES, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Counsel for Plaintiff*